UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ADAN RODRIGUEZ, § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 1:24-cv-22 |
| § | | |
| JOSHUA SHAMBURGER, § | | |
|     Defendant. § | | |
| § | | |
| § | | |

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

Before the Court is pro se Plaintiff Adan Rodriguez's Complaint. Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims; and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

### I.   BACKGROUND

This is the second action that Rodriguez filed against Defendant Joshua Shamburger—an attorney employed by the Texas Office of the Attorney General. As stated in this Court's Report and Recommendation in the first case (hereinafter, the "2023 Case"), underlying Rodriguez's suit were the following facts:

> [Rodriguez] contends that the Office of the Attorney General of Texas (OAG) owes him millions of dollars for work he performed while representing himself pro se in a suit affecting the parent-child relationship (SAPCR) in state court.[FN1] Allegedly, [Rodriguez] moved to dismiss the SAPCR, asserting that the trial court lacked jurisdiction to hear the case. In its responsive pleading in state court, signed by [Shamburger] on behalf of the OAG, the OAG "demand[ed] strict proof" from [Rodriguez] of the state court's lack of jurisdiction over the SAPCR. [Rodriguez] contends that demand formed a contract between him and [Shamburger] for compensation for legal services [Rodriguez] provided himself in gathering and filing such proof.[FN2] When all was said and done, [Rodriguez] insisted that [Shamburger] owed him $5,939,246.04 for his services—an 8.25%

sales tax included. When [Shamburger] failed to pay after multiple notices of "default of payment," [Rodriguez] filed the instant action in which he seeks to recover $10,973,202.84 from [Shamburger] for "the crime of contract breach."

> [FN1] "'Suit affecting the parent-child relationship' means a suit filed . . . in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is requested." TEX. FAM. CODE ANN. § 101.032(a).

> [FN2] The Court notes that although [Rodriguez] seeks to recover attorney's fees, he does not contend, nor does his Complaint establish, that he is a licensed attorney.

*Rodriguez v. Shamburger*, No. 1:23-CV-117, 2023 WL 6466577, at *1 (S.D. Tex. Sept. 5, 2023), *adopted by*, No. 1:23-CV-00117, 2023 WL 6465848 (S.D. Tex. Oct. 4, 2023). The undersigned ultimately recommended that Rodriguez's 2023 Case be dismissed for lack of jurisdiction on sovereign immunity grounds. *See id.* at *1, 3. The Court adopted the recommendation and also concluded that diversity jurisdiction was lacking. *Rodriguez*, 2023 WL 6465848, at *1–2 & n.1.

On February 26, 2024, Rodriguez filed the instant action against Shamburger. Dkt. No. 1. While on the civil case cover sheet to his 2023 Case, Rodriguez cited "U.S. Government Defendant" as the basis for federal jurisdiction, *see Rodriguez v. Shamburger*, 1:23-CV-117, ECF 1-1 at 1 (S.D. Tex. Aug. 11, 2023), in the instant action, Rodriguez explicitly lists diversity jurisdiction as the basis for federal subject matter jurisdiction, Dkt. No. 1 at 30. Rodriguez asserts that his address is in Santa Rosa, Texas, and he lists Shamburger's address in Harlingen, Texas. Evidently aware that by so pleading, he has destroyed the Court's diversity jurisdiction, Rodriguez claims that he is not a citizen or resident of Texas or the United States but is instead "a National of the de jure government of the nation state—the Republic of Texas." *Id.* at 18. He continues, "I

am . . . a foreign alien, a non-resident, and non-citizen to the District of Columbia, and the Federal corporation UNITED STATES, and its other corporate subsidiaries such as the STATE OF TEXAS." *Id.* To support his alleged non-resident, non-citizen status, Rodriguez filed over fifty pages of affidavits and other documentation forwarding largely incomprehensible assertions. *See* Dkt. Nos. 4 ("Affidavit of Truth and Assertory Oath Repudiation and Revocation of Citizenship"), 8 ("Declaration of Status of Adan Rodriguez"). Some of this documentation previously appeared in his 2023 Case. After broadly construing Rodriguez's complaint in the 2023 Case to assert jurisdiction on diversity grounds, the Court rejected Rodriguez's argument that he renounced his citizenship such that diversity jurisdiction existed because "[i]t is clear . . . [Rodriguez's] Declaration has no legal effect and that [Rodriguez] remains a citizen of the United States and Texas." *Rodriguez*, 2023 WL 6465848, at *2; *see id.* at n.1 ("While 8 U.S.C. § 1481(a) allows a United States citizen to voluntarily renounce his citizenship, there is no evidence [Rodriguez] has complied with or can comply with the statute's requirements.").

On the merits, Rodriguez states the same claim here as he did in his 2023 Case: namely, that Shamburger's demand for "strict proof" in a state court filing in a SAPCR created a binding contract between Rodriguez and Shamburger to reimburse Rodriguez for his time and efforts spent responding to the state court motion. Dkt. No. 1 at 3–4. Rodriguez seeks $11,985,398.04 in damages. *Id.*

For the reasons discussed below, it is recommended that this case be dismissed for lack of subject matter jurisdiction. It is further recommended that Rodriguez be warned that filing additional actions arising from the same set of facts here may result in a preclusion order.

## II.  DISCUSSION

### A.  Legal Standard

"Federal courts are courts of limited jurisdiction" and must possess statutory or constitutional authority to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *see* 28 U.S.C. §§ 1331, 1332. "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (cleaned up). Two main types of federal subject matter jurisdiction exist: federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. §§ 1331, 1332. Federal courts have diversity jurisdiction in civil cases where the parties are citizens of different states, and the amount in controversy exceeds $75,000. *Id.* § 1332. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331.

When a federal court lacks subject matter jurisdiction, it lacks the power to adjudicate the case, and it must dismiss the case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); Fed. R. Civ. P. 12(h)(3). A federal court must, even sua sponte, assess whether it has subject matter jurisdiction over a case, *Ruhrgas AG*, 526 U.S. at 577, and may dismiss a complaint for want of jurisdiction on its own motion, *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). When a district court dismisses an action for want of jurisdiction, the dismissal should be without prejudice. *Carver*, 18 F.4th at 498; *In re Great Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 209 (5th Cir. 2010).

Because Plaintiff is a pro se litigant, the Court must liberally construe his Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be

liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (cleaned up); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Even so, "[t]he right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (quoting *Yazdchi v. Am. Honda Fin. Corp.*, 217 Fed. Appx. 299, 304 (5th Cir. 2007)).

**B.    Analysis**

This case must be dismissed because the Court lacks jurisdiction to entertain it. Rodriguez asserts diversity jurisdiction exists here because he renounced his citizenship, so he and Shamburger are diverse parties. *See* 28 U.S.C. § 1332. But his affidavit and declaration to prove as much have no legal effect. Individuals may indeed renounce their citizenship, but they must comply with the applicable provisions in 8 U.S.C. § 1481 to do so. *See* 8 U.S.C. § 1481. And save for two provisions of the statute inapplicable here (like the remaining provisions), "no national of the United States can lose United States nationality under this chapter while within the United States or any of its outlying possessions . . . ." *Id.* § 1483. Rodriguez states that he lives in Texas. Dkt. No. 1 at 18. And both of his alleged renunciation documents were signed within the United States. *See* Dkt. Nos. 4 at 31 (signed in Cameron County, Texas), 8 at 8 (signed in Hidalgo County, Texas); *see also* 8 U.S.C. § 1483. Accordingly, Rodriguez's "Affidavit of Truth and Assertory Oath Repudiation and Revocation of Citizenship" and "Declaration of Status" have no legal effect, and he remains a citizen of the United States and Texas. *See* 8 U.S.C. §§ 1481, 1483; *Rodriguez*, 2023 WL 6465848, at *2 ("It is clear . . . Plaintiff's Declaration has no legal effect and that Plaintiff remains a citizen of the United States and Texas."); *Matter of*

*Triay*, No. CV 23-176-JWD-RLB, 2023 WL 7267001, at *3 (M.D. La. Sept. 28, 2023) ("Plaintiff's 'Alien Declarant Repatriation Oath of Allegiance' has no legal effect, and Plaintiff remains a citizen of the United States and of the State of Louisiana."), *adopted by*, No. CV 23-176-JWD-RLB, 2023 WL 7251740 (M.D. La. Nov. 2, 2023); *Bradford v. LeBlanc*, No. CIV.A. 12-0427-BAJ, 2012 WL 5364255, at *2 (M.D. La. Sept. 19, 2012) ("[A]lthough the plaintiff asserts that he is a foreign sovereign, a foreign official, and a member of the 'Republic of Louisiana', and although he alleges to have executed a formal Declaration to this effect, along with an 'Oath of Renunciation,' renouncing his United States citizenship, it appears clear to this Court that these documents are of no legal effect and that the plaintiff remains a citizen of the United States and of the State of Louisiana."), *adopted by*, No. CIV.A. 12-0427-BAJ, 2012 WL 5364262 (M.D. La. Oct. 31, 2012).

Because both Rodriguez and Shamburger are Texas citizens, diversity jurisdiction is lacking, so this action must be dismissed. *See* 28 U.S.C. § 1332.[1]

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims;[2] and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

---

[1] Rodriguez does not assert any other basis for federal jurisdiction, and, as his underlying claim is a contract dispute with no federal connection, no federal question jurisdiction exists. *See* 28 U.S.C. § 1331.

[2] Jurisdictional dismissals must be without prejudice. *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021). That is not license, however, to repeatedly refile the same faulty claim. Accordingly, it is also recommended that the Court warn Rodriguez that if he files any additional lawsuits related to these same claims against Shamburger, the Court will issue a show cause order requesting a response as to why it should not enter a preclusion order barring Rodriguez from filing any further lawsuits without first seeking court approval.

### IV.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**SIGNED** on this **5th** day of **March, 2024**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**