UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| ADAN RODRIGUEZ, §<br>    "Plaintiff," §<br>§<br>v. §<br>§<br>JOSHUA SHAMBURGER, §<br>    "Defendant" §<br>§ | Civil Action No. 1:24-cv-00022 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Dkt. No. 12) and Plaintiff's "Objections, Corrections, and an Offer for Conditional Acceptance of Magistrate's Recommendation to Dismiss" ("Objections") (Dkt. No. 16). The R&R recommends that the Court: (1) Dismiss Plaintiff's claims without prejudice and (2) Direct the Clerk of Court to Close this case.

After reviewing the record and applicable law, the R&R (Dkt. No. 12) is **ADOPTED** for these reasons:

### I.    BACKGROUND

This is the second action that Plaintiff, proceeding pro se, has filed against Defendant. Plaintiff claims that Defendant, an attorney employed by the Texas Office of the Attorney General, owes him $11,985,389.04 in damages for the time and effort Plaintiff spent responding pro se to an action state court. Dkt. No. 1 at 4.

Plaintiff lists diversity jurisdiction as the basis for the Court's subject matter jurisdiction. *Id.* at 3. Plaintiff states in his complaint that his address is in Santa Rosa, Texas and that Defendant's is in Harlingen, Texas. *Id.* at 1–2. Yet Plaintiff alleges that diversity jurisdiction exists because Defendant resides in "THE STATE OF TEXAS inc." and is a citizen of "THE UNITED STATES Federal Corp." while Plaintiff is "a National and non-citizen" of the "Republic of Texas de jure nation state." *Id.* at 3.

In support of Plaintiff's contention, he submitted affidavits and other documentation purporting to be an official renunciation of his United States citizenship. *See* Dkt. Nos. 4

1

("Affidavit of Truth and Assertory Oath Repudiation and Revocation of Citizenship"), 8 ("Declaration of Status of Adan Rodriguez").

## II. DISCUSSION

If a party objects to a magistrate's rulings, the district court will review de novo. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Federal courts have diversity jurisdiction in civil cases when the parties are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. 8 U.S.C. § 1481 governs the renunciation of United States citizenship. *See* 8 U.S.C. § 1481.

As the R&R sets forth, Plaintiff has not met the standard for renunciation of his United States citizenship, and thus the Court lacks subject matter jurisdiction. Dkt. No. 12 at 5–6 ("[Plaintiff] asserts diversity jurisdiction exists here because he renounced his citizenship, so he and [Defendant] are diverse parties . . . But his affidavit and declaration to prove as much have no legal effect."). Plaintiff objects to the R&R for these reasons: (1) he has properly complied with 8 U.S.C. § 1481; and (2) he did not state that he resided in Santa Rosa, Texas and only provided the Santa Rosa address as a location to where mail could be forwarded. Dkt. No. 16 at 2, 5.

Whenever the loss of United States citizenship is at issue in a proceeding, "the burden shall be upon the person or party claiming that such loss occurred, to establish such claim by a preponderance of the evidence." 8 U.S.C. § 1481(b). Plaintiff has not met his burden. As the R&R states, 8 U.S.C. § 1483 prevents a United States citizen from losing citizenship while within the United States. *See* 8 U.S.C. § 1483. Though Plaintiff argues that he never claimed to reside in Santa Rosa, Texas, he also never claimed to reside in any other state or outside the borders of the United States. His insistence that he is a citizen of the de jure Republic of Texas does not help his cause.

Plaintiff has not met his burden to prove that he has renounced his citizenship, and based on the available information, Plaintiff and Defendant are both Texas citizens. Thus, diversity jurisdiction is lacking, and the Court lacks subject matter jurisdiction over this case.

Jurisdictional dismissals must be without prejudice. Carver v. Atwood, 18 F.4th 494, 498 (5th Cir. 2021). Yet this does not entitle Plaintiff to repeatedly refile the same faulty claim. The Court warns Plaintiff that if he files any other lawsuits related to these same claims against Defendant, the Court will issue a show cause order requesting a response on why it should not

enter a preclusion order barring Plaintiff from filing any further lawsuits without first seeking court approval.

After de novo review, the R&R is **ADOPTED**.

### III.   CONCLUSION

For these reasons, the Court **ADOPTS** the R&R (Dkt. No. 12). Plaintiff's Objections (Dkt. No. 16) are **OVERRULED**. Plaintiff's claims against Defendant are **DISMISSED without prejudice**. The Clerk of Court is **ORDERED** to close this case.

Signed on this 10th day of April, 2024.

Rolando Olvera
United States District Judge